UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORY KIZER,<br><br>    Plaintiff,<br><br>v.<br><br>LORNE HUDSON and PROFESSIONAL CARRIERS INC.,<br><br>    Defendants. | Case No.:<br><br>Judge: |

## NOTICE OF REMOVAL

NOW COME the Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., by and through their attorneys, Carlton D. Fisher and Anne C. Couyoumjian of HINSHAW & CULBERTSON LLP, and for their Notice of Removal of the above-captioned case brought by Plaintiff, CORY KIZER, in the Circuit Court of Cook County, Illinois, Case No. 2017 L 009434, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446, the Defendants state as follows:

### I.   PRELIMINARY MATTERS

1. On September 18, 2017, Plaintiff filed a Complaint (attached as **Exhibit A**) in the Circuit Court of Cook County, Illinois, bearing the caption *Cory Kizer v. Lorne Hudson and Professional Carriers Inc.*, Case No. 2017 L 009434.

2. On September 29, 2017, counsel for the plaintiff, Timothy C. Moll, corresponded via e-mail with the undersigned counsel for the defendants, Carlton D. Fisher, introducing himself as the new counsel for Cory Kizer. Among the items he set forth in the e-mail was his understanding that his predecessor counsel, James Burke, had reached an agreement with the undersigned counsel for the defendants, Carlton D. Fisher, in which Mr. Fisher would accept service of process of the Kizer lawsuit and obviate the need for plaintiff's counsel to serve the

Canadian defendants, Lorne Hudson and Professional Carriers, Inc., with service of process and the complaint. (A copy of Mr. Moll's e-mail correspondence is attached hereto as **Exhibit B**.)

3. After completing a multi-week September – October 2017 trial, the undersigned counsel for the defendants sent a responsive e-mail on October 24, 2017 to Mr. Moll (a) indicating that he had secured authority from his clients for accepting service of process on behalf of the Canadian defendants and (b) seeking confirmation about Cory Kizer's medical bills totaling approximately $70,000 and the $210,000 settlement demand on Mr. Kizer's case. (A copy of Mr. Fisher's responsive e-mail correspondence is attached hereto as **Exhibit C**.)

4. Mr. Moll responded to Mr. Fisher's October 24, 2017 e-mail on October 25, 2017 confirming the "medicals and amounts" of Mr. Fisher's previous e-mail, meaning the medical bill total was correct (pending a check with his client) and the settlement demand of $210,000.00 for Mr. Kizer's case is still in play. (A copy of Mr. Moll's e-mail of October 25, 2017 is attached as **Exhibit D**.)

5. The defendants filed their answer to the plaintiff's complaint on October 26, 2017, setting forth their admissions and denials to the allegations of the complaint and asserting that plaintiff's claimed medical special damages approximate $70,000.00 and the plaintiff's settlement demand is $210,000.00. (A copy of the defendants' answer is attached hereto as **Exhibit E**.)

6. This Notice of Removal was filed with the Clerk of the United States District Court for the Northern District of Illinois within 30 days after counsel for Defendants received notice of the plaintiff's complaint and accepted service of process on October 24, 2017, and therefore this Notice is timely under 28 U.S.C. § 1446(b).

7. 28 U.S.C. § 1441 (a) provides the following:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a).

8. Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (2) citizens of a State and citizens or subjects of a foreign state . . . .

28 U.S.C. §§ 1332(a).

## II. AMOUNT IN CONTROVERSY

10. On its face, Plaintiff's Complaint admits that the matter exceeds the jurisdictional threshold of $50,000 for Illinois state court Law Division actions. (See Plaintiff's Counsel's Illinois Supreme Court Rule 222 Affidavit of Damages attached as a part of **Exhibit A**.)

11. Moreover, the Defendants' Answer to Plaintiff's Complaint sets forth in response to Paragraph 9 of Plaintiff's Complaint a recitation of the Plaintiff's claimed medical special damages of $70,247.32 and notes that the Plaintiff's original settlement demand was and remains $210,000. (See **Exhibit E**). The defendants' answer to paragraph 9 of plaintiff's complaint is affirmed by the e-mail exchange described above and reflected in the attached e-mails, namely **Exhibits B, C & D**.

12. The allegations of Plaintiff's Complaint, in particular Paragraph 9, attest to the fact that the amount in controversy is in excess of $75,000.00. *Marrs v. Quickway Carriers Inc.*,

Slip Copy, 2006 WL 2494746, *1-3 (N.D.Ill. 2006); *McCoy by Webb v. General Motors Corp.*, 226 F.Supp.2d 939, 942 (N.D.Ill. 2002).

13. Accordingly, in light of Plaintiff's own assessment of the value of his case, the amount in controversy requirement of $75,000 has been met.

### III. DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND DEFENDANTS

14. Plaintiff resides in Illinois and is, therefore, a citizen of the State of Illinois. (*See* **Exhibit A**).

15. Defendant Lorne Hudson resides at 5 York Street, Rexton, New Brunswick E4W2G7. Accordingly, he is considered a citizen of Canada.

16. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972)

17. Professional Carriers Inc. is a Canadian corporation with its principal place of business at 54 Somerville Road, P.O. Box 845, Hartland, New Brunswick E7P 3K4. Accordingly, it is a citizen of Canada.

### CONCLUSION

18. Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the Northern District of Illinois is proper because that District embraces the Circuit Court of Cook County of the State of Illinois, the place where this action is currently pending. *See* 28 U.S.C. §93(c).

19. Pursuant to 28 U.S.C. §1446(d), Defendants Lorne Hudson and Professional Carriers Inc. will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, State of Illinois, and give written notice of the removal of the action to counsel for Plaintiff.

300593658v1 0992638

20. By removing the action to this Court, Defendants Lorne Hudson and Professional Carriers Inc. do not waive any defenses, objections or motions available to them under state or federal law.

WHEREFORE, pursuant to 28 U.S.C. §§1441 and 1446, Defendants, LORNE HUDSON and PROFESSIONAL CARRIERS INC., respectfully remove to this Court the action docketed under Case No. 2017 L 009434, in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        By: /s/Carlton D. Fisher
            One of the Attorneys for Defendants
            LORNE HUDSON and PROFESSIONAL
            CARRIERS INC.

Carlton D. Fisher
cfisher@hinshawlaw.com
Anne C. Couyoumjian
acouyoumjian@hinshawlaw.com
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3450

300593658v1 0992638